IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHNNY B. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | **No.** |
| | ) | |
| v. | ) | **Judge:** |
| | ) | |
| CITY OF CHICAGO, NICK ZATTAIR, Star No. 14902, CHRISTA BARTON Star No. 13036, and TIMOTHY HAYES, Star No. 7308, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, JOHNNY B. MOORE, by and through his attorneys, brings this action against Defendants CITY OF CHICAGO, NICK ZATTAIR, Star No. 14902, CHRISTA BARTON Star No. 13036, TIMOTHY HAYES, Star No. 7308, seeking to recover damages for violation of his Constitutional Rights.

## INTRODUCTION

1. Johnny B. Moore was wrongfully arrested on August 22, 2015 by the City of Chicago Police Officers Nick Zattair, Timothy Hughes and Christa Barton for possession of heroin.

2. Officers Nick Zattair, Timothy Hughes and Christa Barton falsely testified that Johnny Moore had possession of heroin.

3. Under the Chicago "Code of Silence" the Defendant Officers conspired to frame Johnny B. Moore for heroin possession.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and Illinois law to redress

the Defendants' tortious conduct and their deprivation of Plaintiff's rights secured by the U.S. Constitution.

5. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction of his state-law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## PARTIES

7. Johnny B. Moore is a resident of Chicago, Illinois.

8. Defendants Defendants Nick Zattair, Christa Barton and Timothy Hughes ("Defendant Officers") are or were officers of the Chicago Police Department. At all times relevant hereto, Defendants Zattair, Barton and Hughes were acting under color of law and within the scope of their employment as officers of the Chicago Police Department.

9. Defendant City of Chicago is an Illinois municipal corporation that employs or employed the Defendant Officers at the time of the events giving rise to this suit.

## FACTS

10. On August 22, 2015, Defendant was swept up in a drug operation conducted by the Chicago Police.

11. Johnny B. Moore was arrested by Nick Zattair and Timothy Hughes for possession of heroin.

12. Johnny B. Moore never had heroin on him.

13. Defendant Christa Barton falsely testified at a preliminary hearing.

14. Defendants Nick Zattair and Timothy Hughes falsely testified at trial.

15. On April 15, 2016, Johnny B. Moore was found not guilty of heroin possession at trial.

16. In serving almost eight months behind bars, Plaintiff was unjustly deprived of time in his life. He was stripped of the various pleasures of basic human experience, which all free people enjoy as a matter of right. Plaintiff suffered emotional distress, loss of liberty and loss of income.

**Count I - 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights**

17. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

18. In the manner described more fully above, the Defendant Officers, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to prosecute Plaintiff for heroin possession, regardless of his guilt or innocence, and thereby to deprive him of his constitutional rights.

19. In so doing, these co-conspirators conspired to accomplish an unlawful purpose by an unlawful means. In addition, these co-conspirators agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.

20. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

21. The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's innocence.

22. As a result of the misconduct described in this Count, Plaintiff suffered injuries.

## Count II - 42 U.S.C. § 1983 – Failure to Intervene

23. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

24. In the manner described more fully above, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so.

25. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's innocence.

26. As a result of the misconduct described in this Count, Plaintiff suffered injuries, including but not limited to personal physical injury and emotional distress, as more fully alleged above.

## Count III - 42 U.S.C. § 1983 – False Arrest and Imprisonment

27. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

28. The actions of Defendant officer in falsely and unreasonably arresting, detaining and imprisoning Plaintiff was done knowingly without probable cause and violated Plaintiff's Fourth Amendment right to be free from

unreasonable arrest, search and seizure.

29. Defendant Officers' false and malicious charging and prosecution of Plaintiff, knowingly without probable cause, with the attendant filing of false police reports and the making of false statements which resulted in further detention and imprisonment were done, *inter alia*, to cover up Defendant Officers wrong doing in an attempt to shield the Defendants from civil and criminal prosecution, internal discipline, civil liability, and to obtain false convictions in order to defeat, impede and or diminish Plaintiff's claims as alleged in this Complaint. This violated Plaintiff's Fourth Amendment right to be free from unreasonable arrest, detention, imprisonment, and to due process of law.

30. As a result of the misconduct described in this Count, Plaintiff suffered injuries, including but not limited to personal physical injury and emotional distress, as more fully alleged above.

**Count IV - 42 U.S.C. § 1983 – Wrongful Imprisonment Eighth Amendment**

31. Plaintiff incorporates each paragraph of this Complaint as if fully restated.

32. The actions of Defendant officer in falsely and unreasonably arresting, detaining and imprisoning Plaintiff was done knowingly without probable cause and violated Plaintiff's Eight Amendment right to be free from cruel and unusual punishment.

33. Defendant Officers' false and malicious charging and prosecution of Plaintiff, knowingly without probable cause, with the attendant filing of false police reports and the making of false statements which resulted in further detention and imprisonment were done, *inter alia*, to cover up Defendant Officers

wrong doing in an attempt to shield the Defendants from civil and criminal prosecution, internal discipline, civil liability, and to obtain false convictions in order to defeat, impede and or diminish Plaintiff's claims as alleged in this Complaint. This violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

34. As a result of the misconduct described in this Count, Plaintiff suffered injuries, including but not limited to personal physical injury and emotional distress, as more fully alleged above.

**Count V - 42 U.S.C. § 1983 – *Monell* Policy, Practice Custom Claim Against Defendant City of Chicago**

35. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

36. The actions of the individual defendants was dome pursuant to the policy, practice and custom of a "Code of Silence"

37. On December 9, 2015, Mayor Rahm Emanuel stated, "As we move forward, I am looking for a new leader of the Chicago Police Department to address the problems at the very heart of the policing profession. The problem is sometimes referred to as the "Thin Blue Line." The problem is other times referred to as the "Code of Silence." It is this tendency to ignore; it is the tendency to deny; it is the tendency in some cases to cover-up the bad actions of a colleague or colleagues. No officer should be allowed to behave as if they are above the law just because they are responsible for upholding the law. Permitting and protecting even the smallest acts of abuse by a tiny fraction of our officers leads to a culture where extreme acts of abuse are more likely,

just like what happened to Laquan McDonald."

38. The Code of Silence is an unconstitutional policy, practice and custom in the Chicago Police Department that was engaged in by the Defendant Officers that caused wrongful arrest and imprisonment of Plaintiff.

39. As a result of the misconduct described in this Count, Plaintiff suffered injuries, including but not limited to personal physical injury and emotional distress, as more fully alleged above.

### Count VI – State Law Claim – Malicious Prosecution

40. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

41. In the manner described above, the Defendant Officers jointly, and in conspiracy with one another, as well as under color of law and within the scope of their employment, accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so.

42. In so doing, these Defendants caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

43. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of others, and in total disregard of the truth and Plaintiff's innocence.

44. As a result of the misconduct described in this Count, Plaintiff suffered injuries, including but not limited to personal physical injury and emotional

distress, as more fully alleged above.

**Count VII – State Law Claim – Intentional Infliction of Emotional Distress**

45. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

46. In the manner described above, the actions, omissions, and conduct of the Defendant Officers was extreme and outrageous. These actions were rooted in an abuse of power and authority and were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged above.

47. As a result of the misconduct described in this Count, Plaintiff suffered injuries of the type of severe emotional distress that wrongful incarceration causes.

**Count VIII – State Law Claim – Respondeat Superior**

48. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

49. While committing the misconduct alleged in the preceding paragraphs, the

50. Defendant Officers were employees and agents of the City of Chicago, acting at all relevant times within the scope of their employment.

51. Defendant City of Chicago is liable as principal for all state law torts committed by its agents.

**Count IX – State Law Claim – Indemnification**

52. Plaintiff incorporates each paragraph of this Complaint as if fully restated here.

53. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

54. The Defendant Officers were employees of the City of Chicago, acting at all relevant times within the scope of their employment in committing the misconduct described herein such that the City of Chicago is obligated to pay any judgment entered against Defendant Officers.

## PRAYER FOR RELIEF

A. Award compensatory damages to Plaintiff;

B. Award Punitive Damages Against the Individual Defendants;

C. Award Plaintiff reasonable attorneys' fees and costs of suit; and

D. Any other relief the Court deems just.

RESPECTFULLY SUBMITTED,

 /s/ Christopher V. Langone
One of Plaintiff's Attorneys

Christopher V. Langone
332 S. Michigan, 9th Floor
Chicago, IL 60604
(607) 592-2661
langonelaw@gmail.com