**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOHNNY MOORE,                      )

                                    )     Case No.  2016 C 5579

               Plaintiff,     )

                                    )     Judge Feinerman

v.                              )

                                    )

CITY OF CHICAGO, ET AL      )

                                    )

             Defendants.   )

**DEFENDANTS' JOINT MOTION TO BIFURCATE AND
STAY DISCOVERY ON PLAINTIFF'S *MONELL* CLAIM**

Defendant City of Chicago, through Stephen R. Patton, Corporation Counsel of the City of Chicago ("the City"), and Defendant Chicago Police Officers Nick Zattair, Christa Barton and Timothy Hayes (collectively "Individual Defendants"), through their respective counsel, Thomas More Leinenweber, Justin L. Leinenweber and Kevin Edward Zibolski, hereby jointly move this Court to bifurcate the 42 U.S.C. § 1983 claim against the City and stay discovery and trial of the claim. In support, the City and Individual Defendants state:

## INTRODUCTION

This case stems from an incident on August 22, 2015, during which Plaintiff Leonard Ackerman alleges that Individual Defendants, Chicago Police Officers, deprived him of his constitutional rights. *See Plaintiff's Complaint*, ECF No. 1. Accordingly, Plaintiff filed suit against Defendants for Conspiracy to Deprive Constitutional Rights (Count I), Failure to Intervene (Count II), False Arrest and Imprisonment (Count III), Wrongful Imprisonment Eighth Amendment (Count IV), *Monell* Policy, Practice Custom Claim (Count V), Malicious Prosecution (Count VI), Intentional Infliction of Emotional Distress (Count VII), Respondeat

1

Superior (Count VIII), and Indemnification (Count IX). *See id.* The federal claims each arise under 42 U.S.C. § 1983. The Plaintiff also alleges *Monell* liability in Count V against the City. *See id.*, at ¶¶ 58, 64, 69. Because of the burdensome discovery necessary to litigate the *Monell* claims contained in Plaintiff's Complaint, and the likelihood that bifurcation will prevent undue prejudice against both sets of defendants and Plaintiff, the Court should bifurcate and stay any further litigation pending the resolution of the constitutional claims against the Individual Defendants.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42 states, in relevant part, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). Only one of these criteria need be met for bifurcation to be appropriate. *See Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994). The court has "considerable discretion" over whether to bifurcate claims, *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000), but may bifurcate "separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy." *Chlopek v. Federal Insurance Company*, 499 F.3d 692, 200 (7th Cir. 2007). That is, of course, so long as the non-moving party suffers no prejudice or a violation of the Seventh Amendment. *See id.* Weighing a motion to bifurcate requires "a pragmatic mindset," *Cruz v. City of Chicago*, No. 08 C 2087, 2008 WL 5244616, at*1 (N.D. Ill. Dec. 16, 2008), and is a "case-specific assessment of the advantages and disadvantages of bifurcation." *Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *1 (N.D. Ill. July 16, 2008). Should bifurcation be warranted, Federal Rule of Civil Procedure 26 allows the court to stay discovery

on *Monell* claims. *See* Fed. R. Civ. P. 26(d); *Jones v. City of Chicago*, No. 98 C 5418, 1999 WL 160228, at*3 (N.D. Ill. Mar. 10, 1999).

## ARGUMENT

This motion to bifurcate and stay the *Monell* claims best serves the Rule 42 interests of convenience, economy, expedition, and avoidance of undue prejudice, as well as representing a sound exercise of the Court's inherent power to control its docket. *See Krocka*, 203 F.3d at 516. Focusing on the underlying constitutional violations results in more efficient, streamlined litigation and judicial economy. It would also prevent undue prejudice against both sets of defendants, individual and municipal, and allow for more concentrated discovery, thereby benefiting all parties. Further, the City would agree to an entry of judgment if Plaintiff were to prevail on the underlying constitutional claims against the individual defendants. Bifurcation and a stay of the *Monell* claim would represent a sensible decision favorable to all parties. For those reasons, Defendants' motion should be granted.

**A. Bifurcation best serves the interests of litigation and judicial economy.**

    1. Bifurcating and staying the *Monell* claims best serves the interests of minimizing the complexity and burdens of litigation.

Bifurcation allows both parties to avoid burdensome and potentially unnecessary discovery and litigation costs. As a general rule, a plaintiff cannot prevail on a *Monell* claim without first establishing an underlying constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012). Indeed, unless Plaintiff succeeds on his claims against the individual defendants, the City cannot be held liable.[1] Bifurcation "permits a bypass of discovery relating to the municipality's

---

[1] There is an exception to this general rule; a municipality can be held liable even if there is no individual liable so long as such a finding would not create an inconsistent verdict, such as when the officer has qualified immunity on a

policies and practices, which . . . can add significant time, effort, and complications to the discovery process." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000).

The burden of discovery in this matter is readily apparent. Plaintiff has alleged that the City of Chicago's policy and practices include inadequate training, supervision, and control of its officers, along with inadequate punishment and discipline in prior instances of conduct similar to that alleged in this case; that officers of the City's Police Department similarly abuse citizens on a frequent basis without punishment, and that the City's municipal policymakers are aware of, condone, and facilitate this inaction by way a "code of silence" "by which officers fail to report, or actively conceal, misconduct committed by other officers," including the misconduct allegedly at issue in this case; and finally that the City failed to act to remedy this alleged pattern of abuse. *See Complaint*, ECF No. 1 at ¶¶ 58, 64, 69.

With these allegations, Plaintiff has already served the City with extensive written discovery relating to its *Monell* claim (*See* Group Exhibit D, attached hereto), and is likely seek depositions of both current and former high-ranking personnel of the Chicago Police Department. Those personnel include Rule 30(b)(6) witnesses from various divisions within the department, such as the Bureau of Internal Affairs, the Office of the Superintendent, and others. Also included may be witnesses from other City agencies, such as Internal Police Review Authority. Even more, as with most other *Monell* litigation, costly expert discovery will invariably follow fact discovery, with both Plaintiff and the City apt to retain expert witnesses. This will generate numerous, lengthy reports and depositions, thereby causing all parties to incur

---

claim. *See Thomas v. Cook County Sheriff's Department*, 604 F.3d 293, 305 (7th Cir. 2010). Given the nature of Plaintiff's claims, however, such a scenario is unlikely. *See Veal v. Kachiroubas*, 2014 WL 321708, at *3–4 (N.D. Ill. Jan. 29, 2014). In addition, the City's attached "Limited Consent to Entry of Judgment" (Exhibit C) waives Qualified Immunity if an underlying constitutional violation is found.

additional costs. *See Moore v. City of Chicago*, No. 02 C 5130, 2007 WL 3037121, at *9 (N.D. Ill. Oct. 15, 2007).

*Monell* discovery will be unduly burdensome and lengthy. It is well-established that trial judges have "substantial case-management authority to control the course of litigation in their courts. In cases lacking private incentives to limit the scope of litigation, active judicial oversight can help prevent straightforward cases like this one from spiraling out of control." *Montanez v. Simon*, 755 F.3d 547, 552 (7th Cir. 2014).

The Seventh Circuit recently commented on this very issue as it relates to *Monell* claims. In *Swanigan v. City of Chicago*, Judge Kendall stayed the *Monell* claim until the claims against the individual defendant officers were litigated and resolved. *See* 775 F.3d 953, 957 (7th Cir. 2015)[2]. On appeal on other matters in *Swanigan*, the Seventh Circuit made special mention of the district court's decision to stay *Monell* discovery and found it was "sensible, especially in light of the volume of civil-rights litigation that district courts must manage." *Id.* at 962. Moreover, the "stipulation and stay of *Monell* suit[s]" in cases where the *Monell* claims are not factually distinct from the claims against the individual defendants "achieve[s] the goal of avoiding unnecessary complexity and effort." *Id.* at 963. And in situations where the plaintiff seeks only monetary damages and "a municipal defendant is willing (or required) to indemnify individual defendants for compensatory damages as well as an award of attorney's fees and costs" then there "is no need for the parties to spend time and money litigating a *Monell* claim." *Id.* at 962.[3]

---

[2] In *Swanigan*, the *Monell* claims were part of a separate lawsuit, so bifurcation was unnecessary. 775 F.3d at 956.

[3] In situations where a plaintiff seeks some other relief, such as an injunction or a declaratory judgment, the plaintiff would likely lack standing and such an issue can be resolved subsequent to the resolution of the claims against the individual defendants. Indeed, the Seventh Circuit recognized such issues faced the plaintiff in *Swanigan* and those issues were best suited for a lifting of the *Monell* stay and an amended complaint. 775 F.3d at 963.

Thus, to ensure a more cost-effective and streamlined litigation in this matter, Defendants' Joint

Motion to Bifurcate and Stay Plaintiff's *Monell* Claim should be granted.

2. Bifurcating and staying the *Monell* claim best serves the interests of judicial economy.

    Granting this motion also promotes judicial economy. Bifurcation of the *Monell* claims

eliminates the need for (1) judicial intervention into discovery disputes arising from these claims;

(2) briefing and ruling on the summary judgment motion the City will invariably bring; and (3) if

the claim survives summary judgment, presiding over a trial that will be longer and more

factually and legally complex than a trial that would focus solely on the individual defendant's

liability. *See Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) ("The trial of

the claims against the individual officers is . . . likely to be shorter, and perhaps significantly

shorter, than a trial also involving *Monell* claims."). The Seventh Circuit has explicitly endorsed

bifurcation as a means to avoid "the waste of the valuable time and resources of the court" in

addition to serving the interests directly behind Rule 42. *Treece v. Hochsteler*, 213 F.3d 360, 365

(7th Cir. 2000). Indeed, the "willingness of many judges to grant [*Monell* bifurcation motions]

stems in large part from [this] recognition." *Terry v. Cook Cnty. Dep't of Corrs.*, No. 09 C 3093,

2010 WL 2720754, at*2 (N.D. Ill. July 8, 2010). As a result, staying *Monell* claims while the

claims against the individual officers are litigated is sensible, given district courts' high volume

of cases. *See Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). To that end, courts

within the Northern District have increasingly bifurcated and stayed *Monell* discovery for

judicial efficiency.[4] Bifurcation of the *Monell* claim here would help eliminate the waste of

---

[4] *See e.g., Rowden v. Mette, et al., 16 C 2917, Dkt. 28 (N.D.Ill. July 26, 2016); Harris v. City of Chicago, et al., 14 C 4391, Dkt. 207 (N.D.Ill. June 14, 2016); Vaughn v. Torres, et al., 15 C 3706 Dkt. 53 (N.D.Ill. May 18, 2016); Horton v. City of Chicago, et al., 13 C 6865, Dkt. 181 (N.D.Ill. January 26, 2016);Peterson v. City of Chicago, No. 14 CV 9881, Docket No. 47, Oct. 19, 2015; Claxton v. City of Chicago, 2015 WL 5304630 (N.D. Ill., Sept. 9, 2015);*

valuable time and resources. Accordingly, this motion should be granted pending the resolution of the claims against the Individual Defendants.

**B.  Bifurcation will assist in eliminating the risk of unfair prejudice against the parties.**

It is inevitable that a single trial, with both the Individual Defendants and the City as defendants, will severely prejudice *all* defendants. In addition, the extended discovery may also be prejudicial to the Plaintiff's case. Bifurcation of claims is an appropriate remedy to avoid such prejudice. *See* Fed. R. Civ. P. 42(b).

Introducing evidence relating to the allegations in Plaintiff's *Monell* claims creates a substantial risk of prejudice for the Individual Defendants and undermines their ability to receive a fair trial. *See Veal v. Kachiroubas*, No. 12 C 8342, 2014 WL 321708, at *6 (N.D. Ill. Jan. 29, 2014). This danger weighs in favor of bifurcation. *See Tanner v. City of Waukegan*, No. 10 C 1645, 2011 WL 686867, at *9–10 (N.D. Ill. Feb. 16, 2011); Memorandum Order and Opinion, *Kitchen v. Burge, et al.,* No. 10-CV-4093, (N.D. Ill. Nov. 2, 2012), ECF No. 399, attached as Exhibit A. In this situation, there is a "real danger that evidence admissible on the issues relating to conduct by the City . . . will contaminate the mind of the finder of fact in its consideration of the liability of the other defendant[s]." *Ojeda-Beltran v. Lucio*, No. 07 C 6667, 2008 WL 2782815, at *3 (N.D. Ill. July 16, 2008); *Lopez v. City of Chicago*, 01 C 1823, 2002 WL 335346, at*2 (N.D. Ill. Mar. 1, 2002) ("[w]ithout bifurcation, the jury would likely hear evidence against the City of various acts of alleged police misconduct committed by numerous non-party officers to establish a policy or practice. Such evidence can be prejudicial to the individual defendants.").

---

*Fuery v. City of Chicago*, 2015 WL 715281 (N.D. Ill. Feb. 17, 2015) (*denying* reconsideration of *Monell* bifurcation); *Castellanos v. Lawryn, et al.*, 14 C 1841, *Dkt. 43*; *Walker, et al. v. City of Chicago, et al.*, 14 C 1756, *Dkt. 66*; *Taylor v. Hughes, et al.*, 13 C 4597, *Dkt. 87*; *Awalt v. Marketti*, 2014 WL 6908470 (N.D. Ill. Dec. 8, 2014); *Veal v. Kachiroubas*, 2014 WL 321708 (N.D. Ill. Jan. 29, 2014); *Taylor v. Kachiroubas*, 2013 WL 6050492 (N.D. Ill. Nov. 15, 2013); *Carr v. City of North Chicago*, 2012 WL 5463890 (N.D. Ill. Nov. 8, 2012).

This is because Plaintiff presumably will seek to introduce evidence regarding alleged acts of misconduct by non-party police officers to prove his *Monell* claims. *See Ojeda-Beltran*, 2008 WL 2782815, at *3.

Yet, the hallmark of a § 1983 claim is that a defendant is liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). So, the misdeeds of people other than defendants are entirely irrelevant to the claims against those defendants. Parading non-defendant officer misconduct in front of the jury would serve as an invitation to the jury to find the Individual Defendants guilty by association, rather than deciding liability based on each individual defendant's own actions. Further, to the extent that Plaintiff may argue that certain evidence relating to prior alleged misconduct by Individual Defendants is relevant pursuant to Federal Rule of Evidence 404(b), his argument fails. Entry of such evidence must overcome a difficult hurdle, and even if Plaintiff is able to overcome that hurdle, the evidence would most likely be limited in some way, and would be different from the evidence that would be submitted in support of the *Monell* claims.

Likewise, there is risk of prejudice against the City if the claims were to be tried in a single trial. *Monell* and its progeny provide plaintiffs with a vehicle to hold a municipality liable for its own conduct; it is not a means by which to hold a municipality liable on a form of some *respondeat superior* or vicarious liability. *See e.g.*, *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011); *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, units of local government are responsible only for their policies rather than misconduct by their workers."). A jury asked to weigh evidence of individual officer misconduct and policy evidence may misconstrue the evidence or the complicated law surrounding *Monell* liability. The claims against the Individual

8

Defendants are largely fact-specific while the claims against the City are highly-complex and intricate, requiring due consideration. The allegations against the Individual Defendants are serious and if such allegations are proven at trial, it may cause the jury to hold the City liable on the *Monell* claims without giving the claims their due deliberation and contemplation because the jurors would be appalled at the officer's conduct. *Monell* would devolve into a *respondeat superior* claim despite the law requiring that it not. See *Milestone*, 665 F.3d at 780. The risk of unfair prejudice is easily avoidable by bifurcating the *Monell* claims from the Individual Defendants' claims, whereby there would be no concern about misapplication of evidence nor misinterpretation of the law.

Further, courts have noted that *Monell* litigation may, at times, be prejudicial to a plaintiff's claims against individual defendants. Specifically, diverting attention from the individual claims would be a lengthy digression and a major amount of time and effort. That time and effort would be spent on something that does not bear on the individual claims and, ultimately, could have been entirely avoidable, if not detrimental, to the plaintiff himself. *See* Transcript, *Ramirez v. City of Chicago*, No. 05-CV-317, (N.D. Ill. Mar 14, 2008), attached as Exhibit B; *Almaraz v. Haleas*, 602 F. Supp. 2d 920, 925–26 (N.D. Ill. 2008) (*Monell* discovery much broader than discovery against individual defendants and could result in lengthy and costly discovery unnecessary to the claims against the individual defendants); *see also Clarett v. Suroviak*, No. 09 C 6918, 2011 WL 37838, at *2 (N.D. Ill. Jan. 3, 2011) ("[B]ifurcation [is] likely to bring an earlier disposition of the suit because bifurcation allows a bypass of discovery relating to the *Monell* claims, which can add significant, and possibly unnecessary, time, effort, cost, and complications to the discovery process."). Conversely, a bifurcation and stay of the *Monell* claim does not bar Plaintiff from asserting his *Monell* claims should he prevail in the

claims against Individual Defendants. *See Castillo v. City of Chicago*, No. 11 C 7359, 2012 WL 1658350, at *6 (N.D. Ill. May 11, 2012). If there is anything left to pursue following the resolution of Individual Defendants' claims,[5] Plaintiff is free to do so; bifurcation is not the same as a dismissal. *See Carr v. City of North Chicago*, 908 F. Supp. 2d 926, 935 (N.D. Ill. 2012).

Bifurcation and a stay of the *Monell* claims in this situation would reduce the risk of prejudice against all parties. Accordingly, Defendants' motion should be granted in its entirety.

### C. Bifurcation will not prejudice Plaintiff's recovery of any compensatory damages to which he may be awarded.

Bifurcation and a stay of the *Monell* claims will not affect Plaintiff's recovery of any compensatory damages a jury may award. The Individual Defendants were acting within the scope of their employment at all relevant times during their encounter with Plaintiff. As such, the City has both a statutory and contractual[6] obligation to indemnify the individual defendants for any compensatory damages awarded against them. *See* 735 ILCS 10/9-102. Along those lines, Plaintiff cannot recover any additional compensatory damages based on the *Monell* claim if he has already recovered compensatory damages against the individual defendants. *See Almaraz v. Haleas*, 602 F. Supp. 2d 920, 926 (N.D. Ill. 2008); *see also Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985). Bifurcation and a stay of the *Monell* claims are likely to save substantial litigation time and expenses both initially and in the

---

[5] Plaintiff would still need to establish the requisite case and controversy requirement. *See* FED. R. CIV. P. 12(b)(1); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *Commonwealth Plaza Condominium Ass'n v. City of Chicago*, 693 F.3d 743, 747–48 (7th Cir. 2012). To that end, courts have found that *Monell* is not simply a vehicle to force societal changes through judicial intervention rather than the legislative process, *see Parker v. Banner*, 479 F. Supp. 2d 827, 834 (N.D. Ill. Mar. 22, 2007), and an actual controversy must exist for the claim to proceed.
[6] *See* Agreement Between the City of Chicago Department of Police and the Fraternal Order of Police Chicago Lodge No. 7, effective July 1, 2012 through June 30, 2017, at p. 34, *available at* http://www.cityofchicago.org/content/dam/city/depts/dol/Collective%20Bargaining%20Agreement3/FOPCBA2012-2017_2.20.15.pdf (last accessed October 16, 2016).

long run. *See Almaraz*, 602 F. Supp. 2d at 925–26. Accordingly, Defendants' motion should be granted.

**D. If Plaintiff prevails on his claims against the Individual Defendants, the City will agree to limited entry of judgment against it.**

As discussed above, *Monell* litigation may ultimately prove unnecessary unless Plaintiff can establish that Individual Defendants violated his constitutional rights. If he cannot, then municipality liability cannot stand. *See Treece v. Hochsteler*, 213 F.3d 360, 364 (7th Cir. 2000). If Plaintiff does prevail against Individual Defendants, however, the City will consent to the limited entry of a judgment against it for the amount of damages caused by the violation, plus reasonable attorneys' fees, without requiring Plaintiff to prove the elements of Section 1983 municipal liability. *See* Limited Consent to Entry of Judgment Against Defendant City of Chicago, attached as Exhibit C, ¶¶ 4–6.

This is no small benefit to Plaintiff as "the decision of a plaintiff to pursue a *Monell* claim carries with it a heavy burden of discovery and proof." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 894 (N.D. Ill. 2000). The *Limited Consent* allows Plaintiff to obtain a judgment against the City for all the compensatory damages to which he is entitled, so long as he proves his constitutional rights were violated. This avoids the costly and time-consuming litigation of the *Monell* claim. Further, even if the individual defendants successfully assert a qualified immunity claim, the *Limited Consent* still governs. *See* Exhibit C, ¶ 5. Given the *Limited Consent*, "disposition of the individual claims will either legally or practically end the litigation. . . . If the plaintiff prevails against the officer[s] on his § 1983 claim[s], he is likely not to want or need to

proceed any further . . . ." *Medina*, 100 F. Supp. 2d at 895. Thus, the *Limited Consent* fulfills the goal to ensure full recovery of compensatory damages if Plaintiff is successful.[7]

The *Limited Consent* should alleviate any concern the Court may have before granting bifurcation, as similar consent agreements have done so for other courts. *See Carr v. City of North Chicago*, 908 F. Supp. 2d 926, 930–33 (N.D. Ill. 2012). It allows Plaintiff to recover the entire monetary compensation in the event he proves a constitutional violation while sparing him the cost and time necessary to litigate the *Monell* claim and meet the proof requirements for such a claim. In short, it streamlines the issues before the Court while also removing the burden connected to *Monell* litigation.

## CONCLUSION

The City and Individual Defendants jointly and respectfully requests the Court (1) bifurcate Plaintiff's *Monell* claims pursuant to Rule 42; (2) stay any litigation of the *Monell* claim; and (3) enter the City's proposed *Limited Consent for Entry of Judgment*, attached hereto as Exhibit C Doing so would expedite and economize litigation of this controversy and remove any possibility that Individual Defendants or the City would be unfairly prejudiced if the Individual Defendants' and *Monell* claims were litigated simultaneously.

Dated: **November 2, 2016**                    Respectfully submitted,

CITY OF CHICAGO

STEPHEN R. PATTON
Corporation Counsel for the City of Chicago

---

[7] Based on Plaintiff's allegations, he would only be able to recover monetary damages as no other relief is specifically requested nor likely available. *See Swanigan*, 775 F.3d at 963 (double recovery and standing potential jurisdiction possible impediments to *Monell* suits); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 98–111 (1980) (*discussing* high burden necessary for plaintiff to seek injunctive relief for municipal policy claims).

By:     /s/ Kathryn Kohls
        Kathryn Kohls
        Assistant Corporation Counsel
        City of Chicago Law Department
        30 North LaSalle Street, Suite 900
        Chicago, IL 60602
        (312) 744-2837 (Phone)
        (312) 744-6566 (Fax)
        Atty. No. 6306355


        /s/ Mary McDonald
        Mary McDonald
        Assistant Corporation Counsel
        30 N. LaSalle Street, Suite 900
        Chicago, IL 60602
        (312) 744-8307
        Atty. No. 6199995


Individual Defendants Nick Zattair, Christa Barton
and Timothy Hayes


        /s/ Justin L. Leinenweber
        Justin L. Leinenweber
        Leinenweber Baroni & Daffada LLC
        120 N. LaSalle St., Suite 2000
        Chicago, IL 60602
        (866) 786-3705 (Phone)
        Atty No. 6290038


        /s/ Kevin Edward Zibolski
        Kevin Edward Zibolski
        Leinenweber Baroni & Daffada Llc
        203 N. Lasalle, Suite 1620
        Chicago, IL 60601
        (386) 344-2651 (Phone)
        Atty No. 6311471


13

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, I served a copy of the foregoing using the

CM/ECF system, which will send notifications to all attorneys of record.

/s/ KATHRYN KOHLS
Kathryn Kohls
Assistant Corporation Counsel

14